UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

TAE H. KIM, YOUNG M. CHOI, YONG H.
JIN, JAE Y. JO, DONG M. JU, HONG S.
KIM, YOON C. KIM, CHUL G. PARK, JIN
H. PARK, EUTEMIO MORALES, ZHE Y.
SHEN, JONG H. SONG, R. JULIAN
VENTURA, and EDUARDO AGUILAR,

                Plaintiffs,

   - versus -

KUM GANG INC., JI SUNG YOO a.k.a.
JISUNG YOO, YI YONG YOO a.k.a.
YIYONG YOO, KYUNG RAE YOO,
CHUNSIK YOO, and MYUNGJA LEE,

              Defendants.

12 CV 6344 (WHP)

**AMENDED COMPLAINT**

ECF Case

---

## NATURE OF THE ACTION

    1.    Plaintiffs are or were employees of the Kum Gang San restaurant owned and operated by Defendants located in New York, New York and Flushing, New York. Plaintiffs worked for Defendants at various times between 1997 and the present.

    2.    Throughout the course of their employment, Plaintiffs' wages fell below the legal minimum wage as required by federal and state law. Plaintiffs were never paid their proper overtime pay. Additionally, Defendants kept part of the tips owed to Plaintiffs who worked as waiters and bussers and/or gave them to non-service employees.

    3.    Plaintiffs bring this action to obtain their lawful minimum wages, including overtime wages and their tips.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

5.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) in that at least one defendant resides in the district.

## PARTIES

### PLAINTIFFS

7.     Plaintiff Tae H. Kim was employed as a waiter at the Kum Gang San restaurant from February 1999 until June 2012.

8.     Plaintiff Young M. Choi was employed as a waitress at the Kum Gang San restaurant from March 2006 until September 2010.

9.     Plaintiff Yong H. Jin has been employed as a waiter at the Kum Gang San restaurant from January 2009 until the present.

10.    Plaintiff Jae Y. Jo has been employed as a waiter at the Kum Gang San restaurant from April 2003 until the present.

11.    Plaintiff Dong M. Ju was employed as a waiter at the Kum Gang San restaurant from November 2005 until July 2010.

12.    Plaintiff Hong S. Kim was employed as a waiter at the Kum Gang San restaurant from May 2001 until September 2009.

13.    Plaintiff Yoon C. Kim was employed as a waiter at the Kum Gang San restaurant from April 2005 until August 2010.

2

14.     Plaintiff Chul G. Park has been employed as a waiter at the Kum Gang San restaurant from March 1997 until the present.

15.     Plaintiff Jin H. Park was employed as a waiter at the Kum Gang San restaurant from May 2004 until he was terminated in June 2012.

16.     Plaintiff Zhe Y. Shen was employed as a kitchen worker in Kum Gang San restaurant for one month in April 2000 and then from July 2000 until April 2008.

17.     Plaintiff Jong H. Song was employed as a waiter at Kum Gang San restaurant from February 2009 until February 2012, and again from October 2012 until the present.

18.     Plaintiff Eutemio Morales has been employed as a busser at the Kum Gang San restaurant from March 2006 until the present.

19.     Plaintiff R. Julian Ventura has been employed as a busser at the Kum Gang San restaurant from August 2005 until the present.

20.     Plaintiff Eduardo Aguilar has been employed as a busser at the Kum Gang San restaurant from November 2005 until the present.

21.     In this complaint, the names of the plaintiffs and defendants who have Korean family names are written with their family names last, even though in Korea family names would be written and spoken first.

### DEFENDANTS

22.     Defendant Kum Gang Inc. is a corporation organized and existing under the laws of the State of New York. It does business as Kum Gang San restaurant located both in Manhattan at 49 West 32nd Street, New York, New York 10001, and in Queens at 138-28 Northern Boulevard, Flushing, New York 11354. The reference to the restaurant in this complaint refers to both of the facilities unless specified otherwise.

23.     Defendant Ji Sung Yoo a.k.a. JiSung Yoo is an owner of Kum Gang Inc.  He operates the Kum Gang San restaurant.  He is generally referred to as the boss.  He is Plaintiffs' employer who had the power to hire and fire restaurant personnel, including Plaintiffs; control the terms and conditions of their employment, including Plaintiffs; determine the rate and method of any compensation provided to restaurant personnel, including Plaintiffs; and maintain employment records.  Mr. Yoo owns and controls several other restaurants, including JanChi JanChi and Assi Plaza, as well as a kimchi company in New York and Korea.

24.     Defendant Yi Yong Yoo a.k.a. YiYong Yoo is the younger brother of Ji Sung Yoo.  He sets wages and maintains the records of the business, including the employment records.  His permission must be obtained for employee wage increases.

25.     Kyung Rae Yoo is the youngest brother of Ji Sung Yoo.  He also maintained the records of the business, including the employment records, and his permission must also be obtained for employee wage increases.  He left Kum Gang San restaurant in the second half of 2010.

26.     Defendant Chunsik Yoo is the General Manager of the Flushing restaurant.  Mr. Yoo is not a relative of Defendant Ji Sung Yoo.  As General Manager he shares control over the employment practices of the restaurant.  He has the power to hire and fire employees and set employees' wages and their schedules.

27.     Defendant Myungja Lee is a manager at the Flushing restaurant.  She manages the VIP rooms at the restaurant, which provides service for groups in private rooms.  She also oversees banquet service.  She has the power to fire employees.  She also has the power to recommend and seek raises for waiters and bussers under her supervision.  Defendant Lee is a

manager and provides little or no service to the customers, but shares in the tips of the food
service workers.

28.     Defendant Kum Gang Inc. is an enterprise engaged in interstate commerce
within the meaning of the FLSA in that it (i) has employees engaged in commerce or in the
production of goods for commerce and handling, selling or otherwise working on goods or
materials that have been moved in or produced for commerce by any person; and (ii) has an
annual gross volume of sales of not less than $500,000.

29.     Similarly, Defendant Kum Gang Inc.—along with JanChi JanChi and Assi
Plaza, the other restaurants owned and controlled by Defendant Ji Sung Yoo—are collectively
an enterprise engaged in commerce in that they (i) had employees engaged in commerce or in
the production of goods for commerce and handling, selling or otherwise working on goods or
materials that have been moved in or produced for commerce by any person; and (ii) had an
annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

30.     Both the FLSA and New York State Labor Law require that employees be paid
a minimum wage.

31.     Plaintiff waiters and bussers were "tipped employees" under the FLSA, which
defines a "tipped employee" as an employee "engaged in an occupation in which he
customarily and regularly receives more than $30 a month in tips."

32.     Both federal and state labor laws provide that tipped employees can receive less
than the full minimum wage. However, under the FLSA, tipped employees must be paid the
full minimum wage unless the employer can demonstrate two things. First, the employer must
inform employees of the terms of Section 203(m) of the FLSA, including that the employer is
paying the employee less than full minimum wage because their tips are included in their

5

wages and that the employer has not taken any part of the tips from customers. Second, the employer must actually not have taken any portion of the employees' tips and/or given them to a non-food service worker.

33.     As is more fully described below, neither condition needed for Defendants to take a tip credit has existed at the restaurant. Therefore, Plaintiff waiters and bussers are entitled to the full minimum wage.

34.     Both federal and state labor laws also require that employees who work more than 40 hours a week must be paid overtime pay at the rate of one and a half times their regular or lawful hourly rate.

35.     Plaintiff waiters regularly worked over 40 hours a week up until about a year and a half ago and were not paid overtime wages.

36.     Plaintiff bussers continue to work more than 40 hours a week without overtime pay.

37.     Plaintiff kitchen worker regularly worked more than 40 hours a week and was not paid overtime.

38.     New York State Labor Law has another provision, called "spread-of-hours" pay, to protect workers from long hours. Workers who are on the job, including break times or split shifts, for more than 10 hours a day must receive an additional hour's pay at the minimum wage for that day.

39.     Plaintiffs were regularly entitled to spread-of-hours pay, but never received it.

Workers' Shifts: Dining Hall, VIP Room, Banquet/Catering, and Kitchen

40.     Plaintiff waiters and bussers worked in several types of food service situations. In the restaurant, waiters and bussers work in the regular dining hall, special VIP rooms, and

the banquet room. Some also work outside the restaurant at catered events. Plaintiff waiters and bussers sometimes worked in the dining hall during part of a week and catering or at banquet parties in that same week. Meanwhile, Plaintiff kitchen worker worked in the kitchen preparing food.

41.     Plaintiff waiters who worked in the regular dining hall worked over twelve-hour shifts. They started at 10:20 a.m. with a meeting and then worked until at least 10:30 p.m. They generally had an hour and a half break between lunch and dinner service. On the weekends, however, they were often not allowed to have a break because the restaurant was busy. Although the restaurant had a night shift that started at 10:30 p.m. and ran until 10:30 a.m., some day shift waiters were often required to stay and assist the night shift workers. On these occasions, these waiters did not finish their work until 11:30 p.m. or 12:30 a.m.

42.     Plaintiffs working as dining hall waiters worked five or six days a week throughout the year. Particularly in the colder months during the winter, they worked six days.

43.     Plaintiff waiters who worked for the banquet parties often worked longer hours than the regular dining room waiters as they sometimes started earlier and the parties often ended much later at night. These Plaintiffs commonly started at 10:00 a.m. or 10:30 a.m. and finished at 1:00 a.m. or 2:00 a.m. Plaintiffs sometimes had to work until 3:00 a.m. If only one party was scheduled, Plaintiffs would have a short break, but they might not have any break at all if more than two parties were scheduled. If a waiter worked until 3:00 a.m., they would receive an extra half day's pay.

44.     Plaintiff waiters who worked in catering would sometimes have the longest schedules. They traveled out of New York City to Washington, D.C.; Boston, Massachusetts; Corning, New York; Philadelphia, Pennsylvania; and more regularly to New Jersey and Long

Island. These long trips often lasted twenty hours or more. On shorter catering trips, Plaintiffs still would work over ten to twelve hours a day.

45.     Plaintiff waiters who worked for the banquet parties were generally the same who worked doing catering. Between the banquet and catering work, Plaintiffs would work six days a week.

46.     Plaintiffs who served as bussers in the dining room generally worked the same shift hours as the waiters, from approximately 10:30 a.m. until at least 10:30 p.m. with a one and a half hour break. They generally worked six days a week until 2009.

47.     Plaintiff Aguilar has worked as a busser in the dining room since 2005. Since 2009, Plaintiff Aguilar generally has worked five days a week, but one week per month he works six days a week.

48.     Plaintiff Morales worked as a busser in the dining room from 2006 until 2009.

49.     Plaintiff Ventura worked as a busser in the dining room from 2005 until 2008.

50.     Plaintiff Morales has served as a busser in the banquet rooms since 2009 and generally worked the same shift hours as the waiters in the banquet rooms. On the weekends, however, bussers often worked until 1:00 a.m. or 2:00 a.m. Sometimes he did not finish until 3:00 a.m. When there were consecutive parties scheduled, Plaintiff Morales sometimes had no breaks during his shift. Plaintiff Morales was also required to travel with the waiters on catering trips. Unlike the waiters, when bussers worked until 3:00 a.m., they did not receive any extra pay.

51.     Plaintiff Ventura has worked as a busser for the VIP rooms since 2008. He has generally worked from 10:30 a.m. until 10:30 p.m., with an hour and a half break. However, his hours have varied, especially on the weekends, as he is required to stay until the last

8

customers left, sometimes until midnight. When the restaurant was very busy, particularly on Saturdays, he often did not have any breaks during his shift.

52.     Plaintiff Shen, who worked in the kitchen, generally worked six days a week. He worked three weekdays, approximately 10 hours shifts, from 10:30 a.m. until 10:30 p.m. or 9 a.m. until 9 p.m. On Fridays, weekends, and holidays, Plaintiff Shen generally worked 13 hours from 7 a.m. until 8 p.m.

Workers' Wages

53.     Until recently, Plaintiff waiters were paid on a per diem basis. Plaintiff waiters usually started with per diem rates of $30 or $35. Some of the waiters' per diem rates increased with greater job duties to $55 or $60, but others remained at $35 a day. In about January 2011, Defendants started paying waiters by the hour. Most received $5 an hour.

54.     Plaintiff bussers were paid between $47 and $65 a day.

55.     From 2005 until 2009, Plaintiff Aguilar was paid $300 per week for six days of work, or $50 per day. In December 2009, Plaintiff Aguilar began receiving $56 per day, or $280 per week when he worked five days and $336 when he worked six days. Since 2012, Plaintiff Aguilar has received $65 per day, or $325 per week when he works five days and $390 per week when he works six days.

56.     From 2005 until 2008, Plaintiff Ventura was paid $300 per week for six days of work in the dining room. When he began working in the VIP room in 2008, he received $315 per week until 2010. From 2010 until recently, he has received $318 per week for six days of work.

57.     From 2006 until 2007, Plaintiff Morales received $280 per week for six days of work as a busser in the dining room. From 2007 until 2009, he received $300 per week for six

days of work. From 2009 to the present, Plaintiff Morales has worked as a busser in the banquet room and has earned $336 per week for six days of work.

58.   In 2000, Plaintiff Shen, who was a kitchen worker, received $400 per week. His wages generally went up by approximately $50 per year and even by $100 in one year. By 2008, Plaintiff Shen received $800 per week. Plaintiff Shen was not a tipped worker.

59.   Plaintiff waiters and bussers—who received some tips—were paid less than the full minimum wage and even less than the tipped minimum wage. The current full minimum wage in New York is $7.25 and has been in place since July 2009. A Plaintiff waiter or busser working a regular 10.5 hour shift for 5 days a week or 52.5 hours a week should earn $462.19 in minimum wage pay, overtime compensation, and spread-of-hours pay. Yet at Kum Gang San restaurant, a Plaintiff waiter or busser who was paid $35 a day earned only $175 for the week while a Plaintiff paid $60 a day, earned only $300. Even if Defendants were entitled to pay that Plaintiff a tipped minimum wage of $4.65 in 2009, or $309 for the week, that Plaintiff would still have been substantially underpaid. However, as described below, Plaintiffs waiters and bussers cannot be treated as tipped employees under the FLSA.

60.   Defendants are not entitled to take a tip credit under the FLSA as they have taken some of Plaintiff waiters and bussers' tips. Defendants deduct approximately eight percent of the Plaintiff waiters and bussers' tips left by all customers of the restaurant paying by credit card for regular dining, including VIP service, and for banquet and catering service. The banquet tips are called "service charges" and based on information and belief were reasonably perceived by customers as tips for the food service workers. An additional ten percent of all tips, not just credit card tips, left by banquet customers are given to the Chef, who is not a food service worker and not entitled to share in the waiters' and bussers' tips, and

other people in the kitchen who prepared food only. In addition, the Chef is a manager and in that capacity is not entitled to share tips.

61.     Similarly, Defendant Lee, a manager, unlawfully takes a large share of the Plaintiff waiters and bussers' tips from both the VIP rooms and the banquet service, although she provides little to no service to the customer. Defendant Lee just takes the tips without approval by the waiters. As a manager, Lee should take no share of the Plaintiff waiters and bussers' tips.

62.     An additional portion of the tips was taken each day for the panchan lady, who prepares the side dishes in the kitchen. The panchan lady also is not a food service worker and should not take a share of Plaintiff waiters and bussers' tips.

63.     Defendants are not entitled to a tip credit under FLSA as they never notified most of the Plaintiffs waiters and bussers about the tip credit provisions of the FLSA.

Workers Required by Defendants to Engage in Additional Unpaid Tasks

64.     In addition to these unlawful wage practices described above, Defendants directed Plaintiff waiters and bussers to work for Defendant Ji Sung Yoo's other restaurants and for friends of Defendant Yoo. Most of the Plaintiff waiters had to work for free for Defendant Ji Sung Yoo's Assi Plaza restaurant and JanChi JanChi restaurant. Several of the Plaintiff waiters and bussers had to pick cabbages at a farm at the restaurant's direction—again for free. Plaintiff Ju refused to do so and was told not to come into work for six weeks. Rather than be forced to work for free and after being retaliated against for asserting his rights not to do so, Plaintiff Ju was forced to quit his job rather than be treated in this way.

65.     Similarly, Defendant Ji Sung Yoo wanted his employees to attend church services, which were held in the banquet hall on Sundays. The managers directed the

restaurant's waiters to attend. Those who did not were often harassed by the managers and treated differently in regard to job assignments. Employees were directed to pay for food, through a rotation system, delivered by the Flushing restaurant for the church's events. Several of the Plaintiff waiters had to pay for and serve these meals.

66.     Defendant Ji Sung Yoo also periodically required Plaintiff bussers to do other tasks. Plaintiff Morales sometimes spent his workday cutting chili peppers at a farm in New Jersey on at least two occasions. Upon information and belief, the farm belongs to a friend of Defendant Ji Sung Yoo's. He was also required to cut the lawn and wash tablecloths from banquet parties at Defendant Ji Sung Yoo's home on several occasions. He was recently directed to move Defendant Ji Sung Yoo's son's possessions to a new residence. In addition, Plaintiff Aguilar was required occasionally to wash tablecloths from the banquet parties and shovel snow at Defendants Ji Sung Yoo's home.

Record Keeping and Postings Requirements

67.     Defendants have committed the above unlawful acts willfully and intentionally. They knew they were violating the law and even created false time cards for the purpose of evading apprehension.

68.     Up until January 2011, the waiters in the restaurant did not punch a clock, which was usually broken, nor were their hours maintained through another system. As stated above they were paid by the day or by the half day.

69.     Bussers have never been required to punch a clock. They generally sign in on the days they work, but they do not record their start and end times. Not until early July 2012 did Defendants create a method for bussers to record their hours.

70.     Kitchen workers have not always been required to punch time cards. But at some point before Plaintiff kitchen worker stopped working at Kum Gang San restaurant, he began regularly using time cards.

71.     In July 2012, Defendants started requiring waiters and bussers to "clock-in" and "clock-out" by scanning their fingerprints on a computer. Some waiters had started using this system in approximately the beginning of 2012, but only recently have Defendants required all workers to use this system in order to get paid.

72.     The changes that came about in January 2011—the punch clock and hourly rates for waiters—coincided with an investigation by either the federal or state Department of Labor. Department of Labor posters were put up in the restaurant telling the workers their rights, albeit in English—a language that most of the Plaintiffs cannot read.

73.     Also in response to the investigation, but before the January 2011 changes, Defendant Chunsik Yoo, the General Manager, directed five workers to an apartment next to the Flushing restaurant to create fraudulent time cards of less than 40 hours a week for all the restaurant's hourly employees. Defendant Kyung Rae Yoo oversaw them. On information and belief, the house belongs to a relative of Defendant Ji Sung Yoo. At the apartment, the workers found time clocks and boxes of blank punch cards with the names of employees from the Flushing and Manhattan restaurants on top. Plaintiff Morales, whom the General Manager directed to carry a box of blank punch cards with the names of employees from the restaurant to the house, observed several workers with Defendant Kyung Rae Yoo punching time cards.

74.     Approximately a year later, workers were again directed to create fraudulent time cards that would meet standards set forth by the Department of Labor. This time, the process took approximately two to three weeks and workers stayed in an older woman's

apartment from approximately 11 a.m. to 9 p.m. each day to create fake time cards for everyone in the Flushing and Manhattan restaurants. On the longest day, workers stayed until 4 a.m. For this work, workers received approximately $70 to $80 per day.

75.     Defendants have never complied with the record keeping requirements of federal and state labor laws of Plaintiffs' hours and rates of pay under New York Labor Law §§ 195 and 661 and supporting regulations and 29 U.S.C. § 211 and supporting regulations. In addition, Defendants have never provided Plaintiffs with required notifications, including but not limited to notice in regard to Plaintiffs' rates of pay, allowances for tips and meals under New York Labor Law § 195. These violations are further evidence of Defendants' willfulness.

76.     Defendant Ji Sung Yoo's unlawful motivations became further apparent after he heard about workers meeting to file this lawsuit. Defendant Yoo called his own meeting of all the waiters on Sunday, June 17, 2012. At the meeting, Defendant Yoo remarked on the fact that another Korean restaurant had recently settled a wage and hour lawsuit for several hundred thousand dollars. He said that although he had not paid overtime wage, he would fight any lawsuit until the bitter end and not pay a penny. He emphasized that he would retaliate against anyone who participated in the lawsuit, including by reporting them to immigration authorities and black listing them from further employment in the community. After that meeting, Defendant Yoo terminated the employment of Plaintiff Jin H. Park.

77.     The statutes of limitation applicable to Plaintiffs' claims listed below have been equitably tolled by Defendants' failures to post notifications required by the federal and state Departments of Labor and by the failure to provide Plaintiffs with individual notifications about their wages.

## CAUSES OF ACTION

### COUNT I

*Federal Minimum Wage and Overtime Violations*

78.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

79.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours per week in violation of 29 U.S.C. § 201 et seq.

80.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

81.     Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial.  29 U.S.C. § 216(b).

## COUNT II

*New York State Minimum Wage, Overtime and "Spread-of-Hours" Violations*

82.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

83.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and spread-of-hours pay, in violation of N.Y. Lab. Law § 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

84.     Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

85.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and liquidated damages and pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law.  N.Y. Lab. Law § 663.

## COUNT III

### *Federal Tip Credit Claim*

86.     Plaintiffs repeat and reallege all the allegations in the paragraphs above.

87.     At all times relevant to this action, Plaintiffs waiters and bussers were "tipped employee[s]" within the meaning 29 U.S.C. § 203(t).

88.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

89.     Defendants illegally retained a portion of Plaintiffs' tips in violation of 29 U.S.C. § 203(m).

90.     Defendants failed to inform Plaintiffs waiters and bussers of the provisions of 29 U.S.C. § 203(m).

91.     Due to Defendants' Fair Labor Standards Act violations, Plaintiffs waiters and bussers are entitled to recover from Defendants, jointly and severally, damages in the amount of the full minimum wage and overtime-pay in addition to gratuity payments that were retained by Defendants plus liquidated damages equal to their monetary award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act

## COUNT IV

*New York State Unlawful Kickback and Gratuities Violations*

92.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

93.     Defendants intentionally failed to pay Plaintiffs for work in Defendant Ji Sung Yoo's other restaurants and at his friend's farm. In addition, Defendants required Plaintiffs to pay for food for the church of Ji Sung Yoo. Both violate New York Labor Law § 198-b.

94.     Defendants willfully and intentionally demanded, accepted, or retained gratuities received by employees, in violation of N.Y. Lab. Law § 196-d.

95.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

96.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, unauthorized deductions, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law §§ 198, 663.

## COUNT V

*Federal and New York State Claim*
*Gratuities Controlled and Distributed by Defendants*

97.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

98.     At all times relevant to this action, Plaintiffs waiters and bussers were employed by Defendants as waiters and bussers and received from customers gratuities for their services.

99.    At all times, Defendants controlled the tip collection and distribution of tip shares or amounts in violation of New York Labor Law § 196-d and FLSA, 29 U.S.C. § 203(m).

100.    Due to Defendants' violations, Plaintiffs who are waiters and bussers are entitled to recover from Defendants, jointly and severally, damages in the amount of the tips retained by the restaurant, the amount of tips given to non-food service workers and managers, and the amount of the unequal gratuity payments that were given to other managers and employees by Defendants, liquidated damages and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198 and FLSA 29 U.S.C. § 216(b).

## COUNT VI

### *New York State Unpaid Wage Violation*

101.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

102.    Defendants intentionally failed to pay Plaintiffs for work in Defendant Ji Sung Yoo's other restaurants and at his friends' farm in violation of New York Labor Law § 191.

103.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

104.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law.  N.Y. Lab. Law § 198.

## COUNT VII

*New York State Notice to Employee Violation*

105.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

106.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195.

107.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

108.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $100 a week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

## COUNT VIII

*Federal Anti-Retaliation Violation*

109.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

110.     Defendants retaliated against employees in violation of 29 U.S.C. § 215(a)(3) upon learning that Plaintiffs planned to file a lawsuit chilling their rights and those of other employees to assert their rights and become witnesses.

111.     Plaintiffs are therefore entitled to injunctive relief and such legal relief as may be appropriate and attorneys' fees and costs. 29 U.S.C. §§ 216(b) and 217.

## COUNT IX

*New York State Anti-Retaliation Violation*

112. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

113. Plaintiffs retaliated against employees in violation of Section 215(1)(a) of the New York Labor Law.

114. Plaintiffs are therefore entitled to injunctive relief as well as other appropriate relief and costs and attorneys' fees. N.Y. Labor Law § 215(2)(a).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

(a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b) Awarding Plaintiffs unpaid minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(c) Awarding Plaintiffs compensation for all "spread-of-hours" violations due under New York Labor Law;

(d) Awarding Plaintiffs compensation for unlawful kickbacks to defendants;

(e) Awarding Plaintiffs compensation for unpaid wages in violation of the New York Labor Law;

(f) Awarding Plaintiffs compensation for failure to provide notice under the New York Labor Law;

(g) Awarding Plaintiffs liquidated damages;

(h) Awarding Plaintiffs pre-judgment and post-judgment interest;

(i) Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees;

(j)    Granting Plaintiffs application for a Temporary Restraining Order and

motion for Preliminary Injunction; and

(k)    Awarding such other relief as this Court deems is just and proper.

Dated:  New York, New York
        November 13, 2012

Respectfully submitted,

Konneth Kimerling
Bethany Y. Li
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th Floor
New York, NY 10013
212-966-5932
ATTORNEYS FOR PLAINTIFFS

Elizabeth Joynes
Jose Perez
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
212-219-3360
ATTORNEYS FOR PLAINTIFFS

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Tae H. Kim, et al. See attached for full caption | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| Kum Gang Inc., et al. See attached for full caption | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  12 CV 6344

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  See attached.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Kenneth Kimerling, Bethany Y. Li, Asian American Legal Defense and Education Fund, 99 Hudson Street, 12th Floor, New York, New York 10013

Elizabeth Joynes, LatinoJustice PRLDEF, 99 Hudson Street, 14th Floor, New York, New York 10013

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date:  NOV 1 3 2012

*Signature of Clerk or Deputy Clerk*

**Summons in a Civil Action Attachment**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAE H. KIM, YOUNG M. CHOI, YONG H.
JIN, JAE Y. JO, DONG M. JU, HONG S.
KIM, YOON C. KIM, CHUL G. PARK, JIN
H. PARK, EUTEMIO MORALES, ZHE Y.
SHEN, JONG H. SONG, R. JULIAN
VENTURA, and EDUARDO AGUILAR,

                 Plaintiffs,

  - versus -

KUM GANG INC., JI SUNG YOO a.k.a.
JISUNG YOO, YI YONG YOO a.k.a.
YIYONG YOO, KYUNG RAE YOO,
CHUNSIK YOO, and MYUNGJA LEE,

              Defendants.

12 CV 6344 (WHP)

ECF Case

Defendant's name and address:

- Kum Gang Inc., c/o Kum Gang San, 49 West 32nd Street, New York, New York 10001
- Ji Sung Yoo a.k.a. Jisung Yoo, c/o Kum Gang San, 49 West 32nd Street, New York, New York 10001
- Yi Yong Yoo a.k.a. Yiyong Yoo, c/o Kum Gang San, 49 West 32nd Street, New York, New York 10001
- Kyung Rae Yoo, 168 Pleasant Plains Avenue, Staten Island, New York 10309
- Chunsik Yoo, c/o Kum Gang San, 49 West 32nd Street, New York, New York 10001
- Myungja Lee, c/o Kum Gang San, 49 West 32nd Street, New York, New York 10001

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. 12 CV 6344

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                         :
TAE H. KIM, *et al.*                     :        12 Civ. 6344 (WHP)
                                         :
              Plaintiffs,                :        SCHEDULING ORDER
                                         :
       -against-                         :
                                         :
KUM GANG INC., *et al.*,                 :
                                         :
              Defendants.                :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/12
```

WILLIAM H. PAULEY III, District Judge:

              Counsel for the parties having appeared for a conference on October 26, 2012, the

following schedule is established on consent:

              (1) Plaintiffs shall serve and file their amended complaint by November
                  13, 2012;

              (2) Defendants shall interpose their answer by December 4, 2012;

              (3) Discovery shall be completed by April 19, 2013;

              (4) The parties shall submit a joint pre-trial order in accord with this
                  Court's individual practices by May 17, 2013; and

              (5) This Court will hold a final pre-trial conference on May 31, 2013 at
                  10:00 a.m.

Dated: October 26, 2012
       New York, New York

                                         SO ORDERED:


                                         WILLIAM H. PAULEY III
                                         U.S.D.J.

-1-

*Counsel of Record:*

Kenneth Kimerling, Esq.
Bethany Yue-Ping Li, Esq.
Asian American Legal Defense
99 Hudson Street
New York, NY 11355

Elizabeth Joynes, Esq.
Latino Justice Prldef
99 Hudson Street
New York, NY 10013
*Counsel for Plaintiffs*

Katie Ambroziak, Esq.
Robert Giusti, Esq.
Robert Giusti, Esq. & Associates, PLLC
42-40 Bell Blvd.
Bayside, NY 11361
*Counsel for Defendants*