| | |
|---|---|
| TAE H. KIM, YOUNG M. CHOI, YONG H. JIN, JAE Y. JO, DONG M. JU, HONG S. KIM, YOON C. KIM, CHUL G. PARK, JIN H. PARK, EUTEMIO MORALES, ZHE Y. SHEN, JONG H. SONG, R. JULIAN VENTURA, and EDUARDO AGUILAR,<br><br>                Plaintiffs,<br>  - versus -<br><br>KUM GANG INC., JI SUNG YOO a.k.a. JISUNG YOO, YI YONG YOO a.k.a. YIYONG YOO, KYUNG RAE YOO, CHUNSIK YOO, and MYUNGJA LEE,<br><br>                Defendants. | 12 CV 6344(MHD)<br><br>ECF Case |

## **DEFENDANTS' POST-TRIAL MEMORANDUM**

Robert Giusti, Esq. & Associates, PLLC
Katie Ambroziak, Esq.
42-40 Bell Blvd., Suite 601
Bayside, New York 11361
Tel: (718) 224-5431
Fax: (718) 224-2938
Katie@Giustilaw.com

*Attorneys for Defendants*

Defendants respectfully submit this Post-Trial Closing Memorandum in accordance with the Court's instructions at the close of trial.

## PRELIMINARY STATEMENT

The Plaintiffs in this case are a group of former employees that worked for Defendant Kum Gang Inc. doing business as Kum Gang San Restaurant ("Kum Gang San"). Kum Gang San has two business locations: the first location also known as the Flushing Location is located at 138-28 Northern Blvd. in Flushing opened its doors in 1992. Subsequently a second location also known as the Manhattan location opened at 49 W 32nd Street, New York, New York. The Plaintiffs collectively worked for the Defendant Kum Gang Inc. at one of these two locations from as early as 1999 to Present.

The Plaintiffs allege that throughout the course of their employment Plaintiffs' wages fell below the legal minimum wage as required by federal and state law. They further allege the Plaintiffs were never paid their proper overtime pay and Defendants kept part of their tips owed to the Plaintiffs who worked as waiters and bussers and/or gave them to non-service employees. In addition, the Plaintiffs, despite their allegations to the contrary, were not required, at any time, to perform services for free outside of Kum Gang Restaurant. The FLSA does not limit the types of work employees age 18 and older may be required to perform. This is true whether or not the work asked of the employee is listed in the employer's job description. The Plaintiffs received the proper wages for any and all catering events worked by employees off-premises.

The Plaintiffs classify the individual defendants, KYUNG RAE YOO and CHUNSIK YOO as employers within the meaning of the Fair Labor Standards Act of the New York State Labor Law. These two individuals have never been plaintiffs' "employer" within the meaning of

the Fair Labor Standards Act or the New York State Labor Law.  These Defendants are mere employees at Kum Gang San Restaurant and followed orders from the owner Ji Sung Yoo.

The Defendants in this action have not failed to pay any amount to plaintiffs and have satisfied all of the amounts claimed in the instant action.  The plaintiffs were paid proper wages for all hours worked.  The defendants have met the federal minimum wage requirements with regards to each and every plaintiff. The Defendants, at all times relevant to this action, acted in good faith and in conformity with all rulings, regulations, and laws.  The Defendants acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the Fair Labor Standards Act.

## ARGUMENT

### I. PLAINTIFFS' ARE TIPPED EMPLOYEES UNDER THE FLSA AND THEREFORE PAID THE PROPER MINIMUM WAGE AND OVERTIME

The FLSA requires payment of at least the federal minimum wage to covered, nonexempt employees.  Both federal and state labor laws provide that tipped employees can receive less that the full minimum wage.  An employer of a tipped employee is only required to pay $2.13 an hour in direct wages if that amount plus the tips received equals at least the federal minimum wage, the employee retains all tips and the employee "customarily and regularly" receives more than $30 per month in tips (*29 U.S.C. § 203(t)*). An employee is considered to customarily and regularly receive tips if the frequency with which tips are received is more than occasionally, but need not be constantly (*29 C.F.R. § 531.57*).

The FLSA and New York State law allow employers to take what is known as a "tip credit," in which the amount of tips received by an employee may be used to partially satisfy an employer's minimum wage obligation. By using a tip credit, Kum Gang San can pay employees less than minimum wage, if the employee's hourly wage plus tips equals or exceeds the

minimum wage.  All but one of the Plaintiffs, Zhe Shen, is a tipped employee as defined by the FLSA.

The Plaintiffs allege that the Defendants have not met either condition needed for the Defendants to take a tip credit therefore the waiters and bussers are entitled to full minimum wage.  The Plaintiffs argue that under federal law, employers may not apply any amount of tips received by the worker to meet their minimum wage obligation unless they (1) inform the worker of the statutory requirement related to the tip credit; and (2) allow the worker to keep *all* of the tips they receive.  *29 U.S.C. §203(m)*.  The Plaintiffs do not allege that Kum Gang San took a portion of the cash tips from the Plaintiffs.  The Plaintiffs argue that Defendants violated the notice requirement and kept a portion of the credit card tips therefore Kum Gang San cannot take a tip credit.

There was testimony from Defendant, Kyung Le Yoo, that the accountant for Kum Gang San would send the minimum wage notifications to the office and the notices would be displayed inside the Restaurant.  There was further testimony from several Plaintiffs, mainly the bussers, that although there were notices displayed they could not read the notices because the notices were not in Spanish.  The statement by the Plaintiffs that Kum Gang San did not meet the notice requirement is not an accurate statement.  There was testimony by both sides indicating that minimum wage notices were displayed in the Restaurant.

The statement by Plaintiffs that they were entitled to keep all of their tips is not an accurate statement to this Court.  Tips charged on a credit card create an exception to Plaintiffs' statement that they are entitled to keep all of their tips.  Credit card companies typically charge the retailer a percentage fee on each credit card sale.  Where tips are charged on a credit card and the employer must pay the credit card company a percentage on each sale, the employer may pay

the employee the tip, less that percentage. For example, where a credit card company charges an employer 3 percent on all sales charged to its credit service, the employer may pay the tipped employee 97 percent of the tips without violating the FLSA. The amount due the employee must be paid no later than the regular pay day and may not be held while the employer is awaiting reimbursement from the credit card company.

There was testimony from the Plaintiffs at the trial that Kum Gang San kept eight (8%) percent of all credit card tips left by a customer. Plaintiff's Attachment A to Plaintiff's Memorandum of Law acknowledges that processing fees were assessed by the credit card companies. Kum Gang San was allowed to deduct those percentages accordingly from the tips accordingly.

The Plaintiffs' fail to produce any Affidavits from the credit card companies stating the exact amount of the processing fees. The Plaintiffs' calculations are not exact when the calculations are done using the percentage in Attachment A. With regards to the American Express processing fee, American Express is known for charging considerably more in fees than other credit card companies. The fee percentage stated in Attachment A is not accurate with regards to American Express.

## II. PLAINTIFFS' ARE NOT ENTITLED TO THE SERVICE CHARGE PAID BY THE CUSTOMER AT BANQUET EVENTS

The Plaintiffs' incorrectly state to the Court that the waiters in the Flushing Banquet Hall had to share approximately 8 percent of their pooled tips with the banquet kitchen staff. The Plaintiffs are not entitled to receive the service charge paid by the customer to the Restaurant in the banquet hall. The FLSA regulates service charges, but distinguishes them from tips. While a tip is a sum paid by a customer as a gift or gratuity in recognition of some service performed, the

FLSA defines a service charge as the payment of a charge, if any, made for the service (*29 C.F.R. § 531.55(a)*). A service charge is a minimum fee that establishments in the service industry may charge customers for large parties or special arrangements. In banquet service, for example, an employer often adds to the bill an additional percentage of the total cost of the event as a compulsory service charge. Customers may assume that servers earn this fee as their tip, however that is not mandatory and often not the case.

A compulsory service charge differs from a tip in several important respects under the FLSA. A compulsory service charge: (1) is not discretionary and must be paid by the customer; (2) belongs to the employer; and (3) is not counted as tips. A compulsory service charge is a required payment. A customer has no discretion in deciding: (1) the amount; (2) whether to pay the charge; or (3) who receives the payment.

A compulsory service charge is part of the employer's gross receipts, and absent state or local law to the contrary, the employer may choose to retain it or distribute all or part of it to employees. Despite a customer's or Plaintiffs' assumption otherwise, it is unlikely that the employer distributes the full service charge amount to the employee who provides the service.

If service charges are distributed to employees, the employer may not count it as tips received, but may use it to satisfy the employer's minimum wage and overtime obligations under the FLSA. However, if an employee receives no portion of a service charge and no tips, the employer must pay the employee the entire minimum wage and any required overtime. If an employee receives tips in addition to the compulsory service charge, only the sum composed of tips may be considered by an employer in determining whether the employee meets the $30 a month threshold to be considered a tipped employee.

Compulsory service charges are the property of the employer, unlike a tip, therefore when if and when Kum Gang San distributed all or part of the service charge to its nonexempt employees, that distribution is considered a non-discretionary payment. Unless certain FLSA exemptions apply, the portion of the compulsory service charge distributed to employees should be factored into regular rate of pay calculations for the payment of overtime (*29 C.F.R. § 531.55(b)*).

Plaintiffs submit data for two months of banquet and catering events in 2013, Exhibit 7. There were 28 banquet room events for the two months reflected in Exhibit 7 Attachment C. The Plaintiffs' are requesting this Court award $8.84 a day for each day a plaintiff worked in the Banquet Room. The Banquet Reservation Forms all indicate that the fee is a service charge and not a gratuity or tip. The Plaintiffs are not entitled to any portion of the compulsory service charge in their calculation of damages.

### III. PLAINTIFFS DID NOT PROVIDE TESTIMONY NECESSARY TO ESTABLISH A CALCULATION WITH REGARDS TO CREDIT CARD TIPS

The Plaintiffs offered the General Ledgers of the accountant for Kum Gang San into evidence at trial as Plaintiffs' Exhibit 18. The Plaintiffs allege that by using the accountant's ledgers the amount of credit card tips left by customers can be calculated. The Plaintiffs use entries in the ledgers to show what credit card tips were collected by Kum Gang San.

The Plaintiffs did not offer testimonial evidence at trial with regards to the entries on the accountant's ledgers. The Plaintiffs are making assumptions regarding what the entries in the ledger represent and as a result mischaracterizing to this Court that these entries can be used to calculate the credit card tips. Not one Plaintiff has firsthand knowledge regarding the entries in the ledger. The only individual with firsthand knowledge is the accountant Kuang Youl Lee, the

individual that submitted an Affidavit to this Court attesting that he prepared the ledgers in the ordinary course of business.

The Plaintiffs cannot use these entries to calculate the credit card tips charged by customers. There isn't one entry on the ledger that indicates a recording of credit card tips. As this Court is aware, not every customer who uses a credit card to pay for their meal is required to leave a tip on the credit card. The customer has the option to leave a tip in cash and pay the restaurant bill with a credit card. Neither the credit card statements nor the accountant's ledgers states with particularity each and every tip left on a credit card. The Plaintiffs are asking this Court to make assumptions with regards to entries and data not explained through testimonial evidence at trial.

## IV. KYUNG LE YOO AND CHUNSIK YU ARE NOT EMPLOYERS

The Plaintiffs classify the individual defendants, Kyung Le Yoo and Chunsik Yu as employers within the meaning of the Fair Labor Standards Act of the New York State Labor Law. These two individuals have never been plaintiffs' "employer" within the meaning of the Fair Labor Standards Act or the New York State Labor Law. These Defendants are mere employees at Kum Gang San Restaurant. The Defendant Kyung Le Yoo has not been employee at Kum Gang San since 2011. When he was employed at Kum Gang San Restaurant he: (1) handled payroll; (2) parked cars in the parking lot and (3) inspected deliveries that arrived at KGS. Kyung Le Yoo testified authoritatively that he did not have authority at any time to hire, fire and/or determine the wages for any of the employees at KGS. Kyung Le Yoo did not hire or fire any of the Plaintiffs in this action. The Plaintiffs misclassify Kyung Le Yoo as a person with authority because he is a relative of the owner. Kyung Le Yoo testified that he merely inputted the hours worked into the computer system. He did not decide an employee's wages but merely

entered the wages he was told by a manager or head captain into the books and records. These two individual defendants are not employers as defined by the FLSA and the New York Labor Law.

## V. THE PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The Defendants maintain that the Complaint may be barred, in whole or in part, by the applicable statute of limitations. That all claims of the plaintiff in the Complaint seeking relief pursuant to the provisions contained in 29 U.S.C. Section 255(a) for any period prior to August 20, 2010, or two years, are barred pursuant to the two-year statute of limitations contained in Section 255(a) of the Fair Labor Standards Act. Although the Act provides for an extension of the statute of limitations to three years where it can be shown that the action of the defendants in failing to comply with the provisions of the FLSA were willful and intentional, such intentions and willfulness on the part of the defendants must first be proved by the plaintiff and the Plaintiffs were not be successful in proving to this Court that any actions by the defendants would constitute willful and intentional violations of the FLSA minimum wage requirements and overtime requirements. Although defendants deny that they owe any alleged unpaid wages or other amounts to plaintiffs, if it is determined that such monies are owed, plaintiffs cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to their FLSA claims. Plaintiff cannot show that Defendants had actual or constructive knowledge of overtime worked or wage payments in violation of the law.

The Plaintiffs offer a Department of Labor case involving the owner Ji Sung Yoo as proof that the actions on the part of the Defendants were willful. The Department of Labor action involves Kum Kang Inc. and not Kum Gang, Inc. In addition, the issue before the

Department of Labor was whether or not the employees were provided with break time in accordance with the rules and regulations.  The individually named Defendants all testified at trial that the employees were provided with between three and four hours of break time during a twelve hour shift.  The Plaintiffs admitted to receiving a minimum of an hour and a half during a three hour window of time for a break.  The Department of Labor case does not show any willfulness on the part of the Defendants.  The subject of the Department of Labor case was not failure to pay minimum wage and overtime but merely the length of time allotted for breaks given to the employees.

## **CONCLUSION**

The testimony and documentary evidence offered at trial demonstrate that the Defendants are not liable to the Plaintiffs for damages.  The Plaintiffs claims are, in part, barred by the Statute of Limitations.  The testimonial evidence offered by the Plaintiffs was hearsay in nature.  The Plaintiffs speculated with regards to the job duties of the individually named Defendants, namely Kyung Le Yoo.  The Defendants request that this Court enter judgment in favor of the Defendants.

Dated: June 25, 2014
       Bayside, New York         Robert Giusti, Esq. & Associates, PLLC

                                              By:    /s/ Katie Ambroziak, Esq.
                                                         42-40 Bell Blvd., Suite 601
                                                         Bayside, New York 11361
                                                         (718) 224-5431
                                                         (718) 224-2938 Fax
                                                         Katie@Giustilaw.com